# EXHIBIT A

Person/Attorney Filing: Christopher J. Zachar
Mailing Address: P. O. Box 47640
City, State, Zip Code: Phoenix, AZ 85020
Phone Number: (602) 494-4800
E-Mail Address: czachar@zacharlaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 014711, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

Jeff Farrell
Plaintiff(s),
v.
Target Stores, Inc., et al.
Defendant(s).

Case No.  C20201478

**SUMMONS**

HON. RICHARD E GORDON

To: Target Stores, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 3/25/2020

Gary Harrison
Clerk of the Superior Court

By:    ALAN WALKER /s/
              Deputy Clerk

AZturboCourt.gov Form Set #4449014

FILED
Gary Harrison
CLERK, SUPERIOR COURT
3/25/2020 4:43:44 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20201478
HON. RICHARD E GORDON

1

2

3

4

5

6

**ZACHAR LAW FIRM, P.C.**
P. O. Box 47640
Phoenix, Arizona  85020
(602) 494-4800
Christopher J. Zachar        #014711
czachar@zacharlaw.com

Attorney for the Plaintiff

7

8

9

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| **JEFF FARRELL,** an adult individual, | No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **TARGET STORES, INC.,** a Minnesota Corporation; **JOHN DOES I – X; JANE DOES I – X; ABC PARTNERSHIPS I – X** and **XYZ CORPORATIONS I – X,** | (Tort: Non-Motor Vehicle; Negligence) |
| Defendants. | **Tier 3** |

20

21

NOW COMES Plaintiff, by and through undersigned counsel, and for his Complaint against the Defendants alleges as follows:

22

23

24

1.    Plaintiff Jeff Farrell is an adult individual presently residing in Pima County, Arizona.

25

2.    Defendant Target Stores, Inc. (hereinafter referred to as "Target") is a Minnesota Corporation doing business in Pima County, Arizona.

26

27

28

3.    Defendants John Does I – X and Jane Does I – X are fictitious persons whose identities are unknown to Plaintiff, but whose conduct may have caused or contributed to Plaintiff's damages herein.  Plaintiff reserves the right to amend the

ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona 85020

1    pleadings with the names of said persons(s) once their identities become known.

2    4.    Defendants ABC Partnerships I – X and XYZ Corporations I – X are

3    fictitious entities whose identities are unknown to Plaintiff, but whose conduct may

4    have caused or contributed to Plaintiff's damages herein.   Plaintiff reserves the right

5    to amend the pleadings with the names of said entities once their identities become

6    known.

7    5.    All acts and transactions alleged herein occurred in Pima County,

8    Arizona.

9    6.    The amount of Plaintiffs' damages qualifies this matter as a Tier 3 case in

10   accordance with Rule 8(b)(2) of the Arizona Rules of Civil Procedure.

11   7.    On June 26, 2018, Plaintiff Jeff Farrell was riding his bicycle through the

12   parking lot of the Target store located at 3901 West Ina Road in Tucson, Arizona.

13   8.    At that time, Defendant Target was in the process of repaving the parking

14   lot, and had removed all pavement markings.

15   9.    As Plaintiff rode his bicycle, he failed to see and/or appreciate a raised

16   speedbump in the parking lot, struck the same and lost control of his bicycle, resulting

17   in him crashing to the ground.

18   10.   On June 26, 2018, Plaintiff was a business invitee to Defendant Target's

19   store located at 3901 West Ina Road in Tucson, Arizona.

20   11.   Plaintiff was utilizing the parking lot designed and constructed by

21   Defendant for its customers and business invitees.

22   12.   Though Defendant normally had in place the required markings in the

23   parking lot, on the subject date, there was no information or warnings given to

24   Plaintiff or others regarding the hazards that existed on the parking lot at that time.

25   13.   On June 26, 2018, Defendant Target's parking lot was not maintained in

     conformance with federal safety standards.

26   14.   On June 26, 2018, Defendant Target's parking lot was not maintained in

27   conformance with federal engineering safety standards.

28   15.   Due to the uneven and unforeseen surface, Plaintiff Jeff Farrell fell.

-2-

ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona 85020

16. As a result of the fall, Plaintiff Jeff Farrell sustained serious injuries and damages.

## COUNT I

### (Negligence)

17. Plaintiff re-alleges and incorporates herein all allegations stated in Paragraphs 1 through 16.

18. On June 26, 2018, Defendant Target's parking lot was not maintained in conformance with federal safety standards.

19. On June 26, 2018, Defendant Target's parking lot was not maintained in conformance with federal engineering safety standards.

20. Each of the aforementioned standards was enacted for public safety.

21. Defendant knew or in the exercise of reasonable care should have known that nearly all business visitors would be utilizing the Target parking lot during the renovation, and that business invitees travel to the Target store on all modes of transportation (trucks, cars, motorcycles, scooters, bicycles and others).

22. On June 26, 2018, there were no warnings or information provided to Plaintiff or others using Defendant Target's parking lot.

23. Defendant Target knew or should have known of the dangerous condition prior to and at the time of Plaintiff's fall.

24. Defendant Target had a duty to Plaintiff and others similarly situated to maintain the premises in a safe condition for all guests and visitors to the property.

25. Defendant had a duty to Plaintiff and others similarly situated to make the premises safe for regular and foreseeable use.

26. Defendant knew or with the exercise of reasonable care should have known of the dangerous conditions that existed on the property with sufficient time to warn Plaintiff and/or provide a remedy for the dangerous conditions.

27. Defendant breached the aforementioned duties.

28.   As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered severe physical injuries, for which he has incurred medical expenses.

## COUNT II

### (Premises Liability)

29.   Plaintiff re-alleges and incorporates herein all allegations stated in Paragraphs 1 through 28.

30.   Defendant Target created the dangerous condition on their property.

31.   Defendant Target allowed the dangerous condition to remain on their property.

32.   Defendant Target knew of the dangerous condition in sufficient time to provide a remedy, safeguard or warning but failed to do so.

33.   Defendant Target, in the exercise of reasonable care should have known or discovered the dangerous condition in sufficient time to provide a remedy, safeguard or warning, but failed to do so.

34.   As a direct and proximate result of the negligence of Defendant Target, Plaintiff has suffered serious physical injuries, for which he has incurred medical expenses.

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

A.   For Plaintiff's special damages, in amounts to be proven at trial and in amounts sufficient to satisfy the jurisdictional requirements of this Court;

B.   For Plaintiff's general damages, in amounts to be proven at trial;

C.   For Plaintiff's reasonable costs incurred herein; and

D.   For such other and further relief as this Court deems just and proper.

DATED this 25th day of March, 2020.

Christopher J. Zachar, Esq.
Attorney for the Plaintiff

ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona 85020

-4-

FILED
Gary Harrison
CLERK, SUPERIOR COURT
3/25/2020 4:43:44 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20201478
HON. RICHARD E GORDON

**ZACHAR LAW FIRM, P.C.**
P. O. Box 47640
Phoenix, Arizona  85020
(602) 494-4800
Christopher J. Zachar       #014711
czachar@zacharlaw.com

Attorney for the Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| **JEFF FARRELL,** an adult individual, | No.: |
| Plaintiff, | |
| vs. | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| **TARGET STORES, INC.,** a Minnesota Corporation; **JOHN DOES I – X; JANE DOES I – X; ABC PARTNERSHIPS I – X** and **XYZ CORPORATIONS I – X,** | |
| Defendants. | |

The undersigned certifies that the largest award sought in this action, including punitive damages, but excluding interest, attorney's fees, and costs *does* exceed limits set by local rule for compulsory arbitration.  This case *is not* subject to Arbitration per the Arizona Rules of Civil Procedure.

DATED this 25th day of March, 2020.

_____
Christopher J. Zachar
Attorney for the Plaintiff

ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona  85020

FILED
Gary Harrison
CLERK, SUPERIOR COURT
3/25/2020 4:43:44 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20201478
HON. RICHARD E GORDON

PERSON/ATTORNEY FILING: Christopher J. Zachar
MAILING ADDRESS: P. O. Box 47640
CITY, STATE, ZIP CODE: Phoenix, AZ 85020
PHONE NUMBER: (602) 494-4800
E-MAIL ADDRESS: czachar@zacharlaw.com
[ ☐ ] REPRESENTING SELF, WITHOUT AN ATTORNEY
(IF ATTORNEY) STATE BAR NUMBER: 014711, Issuing State: AZ

## ARIZONA SUPERIOR COURT, PIMA COUNTY

Jeff Farrell
Plaintiff(s),

V.

Target Stores, Inc., et al.
Defendant(s).

CASE NO: _____

**RULE 102(a) FASTAR CERTIFICATE**

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101(b)
and certifies that this case:

## (NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)

☐ **DOES** meet the eligibility criteria established by Rule 101(b); or

☒ **DOES NOT** meet the eligibility criteria established by Rule 101(b).

Dated: _____

Christopher J. Zachar /s/ _____
SIGNATURE

 **CT Corporation**

**Service of Process Transmittal**
03/27/2020
CT Log Number 537460908

**TO:** Sue Carlson
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-2542

**RE:** **Process Served in Arizona**

**FOR:** Target Stores, Inc.  (Assumed Name)  (Domestic State: MN)
Target Corporation (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jeff Farrell, etc., Pltf. vs. Target Stores, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | . |
| **COURT/AGENCY:** | None Specified<br>Case # C20201478 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/27/2020 at 12:07 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/29/2020, Expected Purge Date: 04/03/2020<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / SF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FILED
Gary Harrison
CLERK, SUPERIOR COURT
4/21/2020 10:52:51 AM
BY: ARTHUR ROBLES /S/
DEPUTY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ZACHAR LAW FIRM, P.C.**
P. O. Box 47640
Phoenix, Arizona  85020
(602) 494-4800
Christopher J. Zachar        #014711
czachar@zacharlaw.com

Attorney for the Plaintiff

Case No. C20201478
HON. RICHARD E GORDON

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

**JEFF FARRELL,** an adult individual,

Plaintiff,

vs.

**TARGET STORES, INC.,** a Minnesota
Corporation; **JOHN DOES I – X; JANE
DOES I – X; ABC PARTNERSHIPS
I – X** and **XYZ CORPORATIONS I – X,**

Defendants.

No.: C20201478

**APPLICATION FOR
ENTRY OF DEFAULT**

NOTICE IS HEREBY GIVEN that Plaintiff is requesting the entry of Default

Judgment against Defendant Target Stores, Inc.

In support of this Application, Plaintiffs have filed with the Clerk of this Court

an Affidavit of Default.

Pursuant to A.R.C.P. Rule 55(a), Applicants have:

___XX___        Mailed a copy of this Application to each party claimed to be in

default.

_____        Mailed a copy of this Application to counsel known by the

Plaintiffs to represent in this matter the parties claimed to be in default.

ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona 85020

-1-

1      _____   Have not mailed a copy of this Application to the parties claimed

2   to be in default because Applicants do not know that person's whereabouts and are

3   uncertain whether that person is represented by counsel in this matter.

4      NOTE:   If the party claimed to be in default fails to file a responsive

5   pleading or otherwise defend this action within ten (10) days of the filing of this

6   Application, the Default Judgment will be entered against that party.

7

8      DATED this _21st_ day of April, 2020.

9

10

11                              Christopher J. Zachar
                                Attorney for the Plaintiff

12

13   ORIGINAL of the foregoing
     e-filed this _21st_ day of

14   April, 2020, WITH:

15

16   Clerk of the Court
     Pima County Superior Court

17   110 West Congress Street
     Tucson, Arizona  85701

18

19   COPIES TO:

20   The Honorable Richard E. Gordon

21   Pima County Superior Court
     110 West Congress Street

22   Tucson, Arizona  85701

23

24   Target Stores, Inc.
     c/o Statutory Agent CT Corporation System
     3800 North Central Avenue

25   Suite 460
     Phoenix, Arizona  85012

26   Defendant

27   ttPetersen
     _____

28

ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona 85020

-2-

FILED
Gary Harrison
CLERK, SUPERIOR COURT
4/21/2020 10:52:51 AM
BY: ARTHUR ROBLES /S/
DEPUTY

Case No. C20201478
HON. RICHARD E GORDON

**ZACHAR LAW FIRM, P.C.**
P. O. Box 47640
Phoenix, Arizona  85020
(602) 494-4800
Christopher J. Zachar        #014711
czachar@zacharlaw.com

Attorney for the Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| **JEFF FARRELL,** an adult individual,<br><br>Plaintiff,<br><br>vs.<br><br>**TARGET STORES, INC.,** a Minnesota Corporation; **JOHN DOES I – X; JANE DOES I – X; ABC PARTNERSHIPS I – X** and **XYZ CORPORATIONS I – X,**<br><br>Defendants. | No.: C20201478<br><br>**AFFIDAVIT OF DEFAULT** |

1.    I am the attorney for the Plaintiff in the matter of *Jeff Farrell vs. Target Stores, Inc., et al.,* currently pending in Pima County Superior Court, Case Number C20201478, and file this Affidavit to comply with Rule 55, Arizona Rules of Civil Procedure.

2.    The following party in this action, against whom a Judgment for affirmative relief is sought, has failed to plead or otherwise defend as provided for by the Rules of Civil Procedure and is hereinafter designated:

Target Stores, Inc.

ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona 85020

-1-

3.    To comply with the requirements of 50 USCA §520, I verify that this Defendant is not in military service.

4.    Since the service of a copy of the Complaint and Summons or other pleading seeking affirmative relief herein upon this party, the statutory time, exclusive of the date of service, within which this party may plead or otherwise defend, has passed.

WHEREFORE, Affiant demands that Default be entered against the party herein designated.

I declare under penalty of perjury that the foregoing is true and correct.

Christopher J. Zachar, Esq.
Attorney for the Plaintiff

Subscribed and sworn to before me this 21st day of April, 2020.

Notary Public

My Commission Expires:



HEIDI ANNE PETERSEN
Notary Public - Arizona
Maricopa County
Commission # 568793
My Comm. Expires Sep 16, 2023

ORIGINAL of the foregoing
e-filed this 21st day of
April, 2020, WITH:

Clerk of the Court
Pima County Superior Court
110 West Congress Street
Tucson, Arizona  85701

ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona 85020

COPIES TO:

The Honorable Richard E. Gordon
Pima County Superior Court
110 West Congress Street
Tucson, Arizona  85701

Target Stores, Inc.
c/o Statutory Agent CT Corporation System
3800 North Central Avenue
Suite 460
Phoenix, Arizona  85012
Defendant

*HPetersen*

ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona 85020

FILED
Gary Harrison
CLERK, SUPERIOR COURT
4/21/2020 11:24:37 AM
BY: ARTHUR ROBLES /S/
DEPUTY

Case No. C20201478
HON. RICHARD E GORDON

1   Jefferson T. Collins, Bar #016428
    JONES, SKELTON & HOCHULI, P.L.C.
2   40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
3   Telephone:  (602) 263-7346
    Fax:  (602) 200-7825
4   jcollins@jshfirm.com
    minuteentries@jshfirm.com
5
    Attorneys for Defendant Target Stores, Inc.
6

7              **SUPERIOR COURT OF THE STATE OF ARIZONA**

8                        **COUNTY OF PIMA**

9   JEFF FARRELL, an adult individual,        NO. C20201478

10                              Plaintiff,    **DEFENDANT'S ANSWER TO**
                                              **PLAINTIFF'S COMPLAINT**
11      v.
                                              (Assigned to the Honorable Richard E.
12  TARGET STORES, INC., a Minnesota          Gordon)
    Corporation; JOHN DOES I- X; JANE
13  DOES I-X; ABC PARTNERSHIPS
    I-X and XYZ CORPORATIONS I-X,
14
                              Defendants.
15

16
17          Defendant  Target  Stores,  Inc.  ("Answering  Defendant"),  by  and  through

18  undersigned counsel and for its Answer to Plaintiff's Complaint, admits, denies and alleges as

    follows:
19
20          1.     This Answering Defendant admits the allegations contained in paragraph 1

21  of Plaintiff's Complaint.

22          2.     In  response  to  paragraph  2  of  Plaintiff's  Complaint,  the  proper  party

23  Defendant should be Target Corporation which is a Minnesota corporation doing business in

    Pima County, Arizona.  This Answering Defendant denies the remaining allegations contained
24
    in paragraph 2 of Plaintiff's Complaint.
25

8397071.1

3.       No affirmative response to paragraph 3 of Plaintiff's Complaint but, to the extent an affirmative response is required, this Answering Defendant denies same.

4.       No affirmative response to paragraph 4 of Plaintiff's Complaint but, to the extent an affirmative response is required, this Answering Defendant denies same.

5.       In response to paragraph 5 of Plaintiff's Complaint, this Answering Defendant admits that Plaintiff alleges that acts and transactions occurred in Pima County, Arizona and, therefore, jurisdiction and venue are proper.  This Answering Defendant denies that the acts and transactions occurred as alleged.

6.       This Answering Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.       This Answering Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.       This Answering Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.       In response to paragraph 9 of Plaintiff's Complaint, this Answering Defendant admits that Plaintiff was involved in a bicycle accident on June 26, 2018.  This Answering Defendant denies the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10.      This Answering Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.      In response to paragraph 11 of Plaintiff's Complaint, this Answering Defendant admits that Plaintiff was involved in a bicycle accident on June 26, 2018.  This Answering Defendant denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12.      This Answering Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     This Answering Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     This Answering Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     This Answering Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     This Answering Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

**COUNT I**

**(Negligence)**

17.     In response to paragraph 17 of Plaintiff's Complaint, this Answering Defendant hereby incorporates its responses to paragraphs 1 through 16 above.

18.     This Answering Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     This Answering Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     This Answering Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     This Answering Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     This Answering Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     This Answering Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     In response to paragraph 24 of Plaintiff's Complaint, this Answering Defendant admits it owes a duty to its business invitees to warn them of, or remedy,

unreasonably dangerous conditions on the premises.  This Answering Defendant does not admit that Plaintiff was a business invitee at the time and denies the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     In response to paragraph 25 of Plaintiff's Complaint, this Answering Defendant admits it owes a duty to its business invitees to warn them of, or remedy, unreasonably dangerous conditions on the premises.  This Answering Defendant does not admit that Plaintiff was a business invitee at the time and denies the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     In response to paragraph 26 of Plaintiff's Complaint, this Answering Defendant denies there was a dangerous condition on the property at the time.  This Answering Defendant denies the remaining allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     This Answering Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     This Answering Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

## COUNT II

### (Premises Liability

29.     In response to paragraph 29 of Plaintiff's Complaint, this Answering Defendant hereby incorporates its responses to paragraphs 1 through 28 above.

30.     In response to paragraph 30 of Plaintiff's Complaint, this Answering Defendant denies there was a dangerous condition on the property.  This Answering Defendant denies the remaining allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     In response to paragraph 31 of Plaintiff's Complaint, this Answering Defendant denies there was a dangerous condition on the property.  This Answering Defendant denies the remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32. In response to paragraph 32 of Plaintiff's Complaint, this Answering Defendant denies there was a dangerous condition on the property. This Answering Defendant denies the remaining allegations contained in paragraph 32 of Plaintiff's Complaint.

33. In response to paragraph 33 of Plaintiff's Complaint, this Answering Defendant denies there was a dangerous condition on the property. This Answering Defendant denies the remaining allegations contained in paragraph 33 of Plaintiff's Complaint.

34. This Answering Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

This Answering Defendant asserts the following affirmative defenses:

35. As and for a separate defense and in the alternative, this Answering Defendant alleges that the Complaint fails to state a claim upon which relief may be granted against this Answering Defendant.

36. As and for a separate defense and in the alternative, this Answering Defendant alleges that Plaintiff was contributorily negligent and/or that any injuries received by Plaintiff was the result of an intervening/superseding cause or through the negligence of someone other than this Answering Defendant, all of which bars recovery to Plaintiff herein from this Answering Defendant.

37. As and for a separate defense and in the alternative, this Answering Defendant alleges that Plaintiff was negligent in whole or in part thereby reducing or eliminating any damage owing by this Answering Defendant by way of the doctrine of comparative negligence.

38. Although this Answering Defendant does not presently have specific facts in support of the remaining defenses, it wishes to put counsel for Plaintiff upon notice that they hereby raise the following defenses which, through subsequent discovery, may indeed be

supported by the facts: assumption of risk, statute of limitations, insufficiency of process and insufficiency of service of process and failure to mitigate damages.

39.     As and for a separate defense, and in the alternative, this Answering Defendant alleges that it did not have notice of the allegedly dangerous condition as set forth in Plaintiff's Complaint, thereby reducing or eliminating any assessment of fault against this Answering Defendant.   Additionally, the incident was not the result of an unreasonably dangerous condition.

WHEREFORE, having fully answered the Complaint, this Answering Defendant requests that judgment be entered in its favor as follows:

1.     Dismissing the Complaint;

2.     Awarding this Answering Defendant its taxable costs; and

3.     Awarding this Answering Defendant such other and further relief as this Court deems just and proper.

DATED this 21st day of April 2020.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Jefferson T. Collins
     Jefferson T. Collins
     40 North Central Avenue, Suite 2700
     Phoenix, Arizona  85004
     Attorneys for Defendant Target Stores, Inc.

ORIGINAL of the foregoing electronically filed
this 21st day of April 2020.

COPY of the foregoing mailed/e-mailed
this 21st day of April 2020, to:

Christopher J. Zachar
ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona 85020
Attorneys for Plaintiff

/s/ Kathy Kleinschmidt

7

FILED
Gary Harrison
CLERK, SUPERIOR COURT
4/21/2020 11:27:12 AM
BY: ARTHUR ROBLES /S/
DEPUTY

1  Jefferson T. Collins, Bar #016428
   JONES, SKELTON & HOCHULI, P.L.C.
2  40 North Central Avenue, Suite 2700
   Phoenix, Arizona  85004
3  Telephone:  (602) 263-7346
   Fax:  (602) 200-7825
4  jcollins@jshfirm.com
   minuteentries@jshfirm.com
5
   Attorneys for Defendant Target Stores, Inc.
6
                                                        C20201478
7             **SUPERIOR COURT OF THE STATE OF ARIZONA**

8                        **COUNTY OF PIMA**

9   JEFF FARRELL, an adult individual,        NO. C20201478

10                            Plaintiff,       **DEFENDANT'S CERTIFICATE**
                                              **REGARDING COMPULSORY**
11       v.                                    **ARBITRATION**

12  TARGET STORES, INC., a Minnesota          (Assigned to the Honorable Richard E.
    Corporation; JOHN DOES I- X; JANE         Gordon)
13  DOES I-X; ABC PARTNERSHIPS
    I-X and XYZ CORPORATIONS I-X,
14
                            Defendants.
15

16
              Defendant hereby certifies that it agrees with Plaintiff that this matter is not
17
     subject to Compulsory Arbitration.
18
              DATED this 21st day of April 2020.
19
                                        JONES, SKELTON & HOCHULI, P.L.C.
20

21

22                                     By /s/ Jefferson T. Collins
                                           Jefferson T. Collins
23                                         40 North Central Avenue, Suite 2700
                                           Phoenix, Arizona  85004
24                                         Attorneys for Defendant Target Stores, Inc.

25

1  ORIGINAL of the foregoing electronically filed
this 21st day of April 2020.
2
COPY of the foregoing mailed/e-mailed
3  this 21st day of April 2020, to:

4  Christopher J. Zachar
ZACHAR LAW FIRM, P.C.
5  P. O. Box 47640
Phoenix, Arizona 85020
6  Attorneys for Plaintiff

7  /s/ Kathy Kleinschmidt

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26