**ZACHAR LAW FIRM, P.C.**
P. O. Box 47640
Phoenix, Arizona 85020
(602) 494-4800
Christopher J. Zachar   #014711
czachar@zacharlaw.com

Attorney for the Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jeff Farrell,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Target Corporation,<br><br>　　　　　　Defendant. | No.: CV-20-00180-RM-LCK<br><br>**AMENDED COMPLAINT** |

NOW COMES Plaintiff, by and through undersigned counsel, and for his Amended Complaint against the Defendant alleges as follows:

1.  Plaintiff Jeff Farrell is an adult individual presently residing in Pima County, Arizona.

2.  Defendant Target Corporation (hereinafter referred to as "Target") is a Minnesota Corporation with its principal place of business in Minneapolis, Minnesota. Defendant Target Corporation also does business in Pima County, Arizona.

3.  Defendants John Does I – X and Jane Does I – X are fictitious persons whose identities are unknown to Plaintiff, but whose conduct may have caused or contributed to Plaintiff's damages herein. Plaintiff reserves the right to amend the pleadings with the names of said persons(s) once their identities become known.

ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona 85020

4. Defendants ABC Partnerships I – X and XYZ Corporations I – X are fictitious entities whose identities are unknown to Plaintiff, but whose conduct may have caused or contributed to Plaintiff's damages herein. Plaintiff reserves the right to amend the pleadings with the names of said entities once their identities become known.

5. All acts and transactions alleged herein occurred in Pima County, Arizona.

6. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the action is between citizens of different states.

7. On June 26, 2018, Plaintiff Jeff Farrell was riding his bicycle through the parking lot of the Target store located at 3901 West Ina Road in Tucson, Arizona.

8. At that time, Defendant Target was in the process of repaving the parking lot, and had removed all pavement markings.

9. As Plaintiff rode his bicycle, he failed to see and/or appreciate a raised speedbump in the parking lot, struck the same and lost control of his bicycle, resulting in him crashing to the ground.

10. On June 26, 2018, Plaintiff was a business invitee to Defendant Target's store located at 3901 West Ina Road in Tucson, Arizona.

11. Plaintiff was utilizing the parking lot designed and constructed by Defendant for its customers and business invitees.

12. Though Defendant normally had in place the required markings in the parking lot, on the subject date, there was no information or warnings given to Plaintiff or others regarding the hazards that existed on the parking lot at that time.

13. On June 26, 2018, Defendant Target's parking lot was not maintained in conformance with federal safety standards.

14. On June 26, 2018, Defendant Target's parking lot was not maintained in conformance with federal engineering safety standards.

15. Due to the uneven and unforeseen surface, Plaintiff Jeff Farrell fell.

ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona 85020

16. As a result of the fall, Plaintiff Jeff Farrell sustained serious injuries and damages.

## COUNT I

## (Negligence)

17. Plaintiff re-alleges and incorporates herein all allegations stated in Paragraphs 1 through 16.

18. On June 26, 2018, Defendant Target's parking lot was not maintained in conformance with federal safety standards.

19. On June 26, 2018, Defendant Target's parking lot was not maintained in conformance with federal engineering safety standards.

20. Each of the aforementioned standards was enacted for public safety.

21. Defendant knew or in the exercise of reasonable care should have known that nearly all business visitors would be utilizing the Target parking lot during the renovation, and that business invitees travel to the Target store on all modes of transportation (trucks, cars, motorcycles, scooters, bicycles and others).

22. On June 26, 2018, there were no warnings or information provided to Plaintiff or others using Defendant Target's parking lot.

23. Defendant Target knew or should have known of the dangerous condition prior to and at the time of Plaintiff's fall.

24. Defendant Target had a duty to Plaintiff and others similarly situated to maintain the premises in a safe condition for all guests and visitors to the property.

25. Defendant had a duty to Plaintiff and others similarly situated to make the premises safe for regular and foreseeable use.

26. Defendant knew or with the exercise of reasonable care should have known of the dangerous conditions that existed on the property with sufficient time to warn Plaintiff and/or provide a remedy for the dangerous conditions.

27. Defendant breached the aforementioned duties.

28. As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered severe physical injuries, for which he has incurred medical expenses.

## COUNT II

**(Premises Liability)**

29. Plaintiff re-alleges and incorporates herein all allegations stated in Paragraphs 1 through 28.

30. Defendant Target created the dangerous condition on their property.

31. Defendant Target allowed the dangerous condition to remain on their property.

32. Defendant Target knew of the dangerous condition in sufficient time to provide a remedy, safeguard or warning but failed to do so.

33. Defendant Target, in the exercise of reasonable care should have known or discovered the dangerous condition in sufficient time to provide a remedy, safeguard or warning, but failed to do so.

34. As a direct and proximate result of the negligence of Defendant Target, Plaintiff has suffered serious physical injuries, for which he has incurred medical expenses.

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

A. For Plaintiff's special damages, in amounts to be proven at trial and in amounts sufficient to satisfy the jurisdictional requirements of this Court;

B. For Plaintiff's general damages, in amounts to be proven at trial;

C. For Plaintiff's reasonable costs incurred herein; and

D. For such other and further relief as this Court deems just and proper.

DATED this 10th day of June, 2020.

/s/Christopher J. Zachar
Christopher J. Zachar, Esq.
Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of June, 2020, I filed the foregoing document electronically with the Clerk of Court through the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

/s/Heidi Petersen

ZACHAR LAW FIRM, P.C.
P. O. Box 47640
Phoenix, Arizona 85020